# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER ROTH,

    Plaintiff,

vs.                                                                       Civil No. 97-1545 WWD/LFG

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ON MOTION FOR ATTORNEY'S FEES AND COSTS

On March 11, 1999, a jury returned a verdict in favor of Jennifer Roth on her claim for retaliation under Title VII, awarding her $6,500.00 for lost wages and benefits and $1.00 for "other damages." Verdict at 2 [docket # 126]. This matter is before the Court upon Plaintiff's Motion for Attorney's Fees and Costs, filed April 9, 1999 **[docket #128]**.[1] Defendant requests the Court to bar or reduce Plaintiff's submitted fees and costs. After having reviewed the pertinent pleadings and relevant authority, I find that Defendant's objections to Plaintiff's fee application are well-taken in part and that the fee award will be adjusted accordingly.

### DISCUSSION

Pursuant to 42 U.S.C. § 2000e-5(k), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." See Phelps v. Hamilton,

---

[1] That portion of Plaintiff's request relating to award of costs will be handled separately by the Clerk of Court. See D.N.M. LR-Civ. 54.1. An itemized list of costs are missing from Plaintiff's separate Motion to Tax Costs (see docket #132); however, briefing pertaining to costs are included in the Motion for Attorney Fees and Costs.

120 F.3d 1126, 1130 (10th Cir. 1997) (quoting Blanchard v. Bergeron, 489 U.S. 87, 89 at n.1 (1989)).  As an initial matter, Defendant's objection to the Court's consideration of the fee application based on Plaintiff's erroneous reliance solely on 42 U.S.C. § 1988(b) is meritless. While Defendant is correct that the application is more properly brought under 42 U.S.C. § 2000e-5(k), which allows the district court to shift fees in cases brought pursuant to Title VII of the Civil Rights Act of 1964, the distinction is *de minimis*.  The standard governing an award of attorney's fees under 42 U.S.C. § 1988(b) is the same as that under 42 U.S.C. § 2000e-5(k), which allows the district court to shift fees in cases brought pursuant to Title VII of the Civil Rights Act of 1964.  See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983).[2]  Therefore, I may use case law involving fee awards under § 1988 and § 2000e-5(k) interchangeably in this opinion.

**Plaintiff as Prevailing Party**

42 U.S.C. § 2000e-5(k) provides that "[i]n any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee . . . ."  A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  See Phelps v. Hamilton, 120 F.3d 1126, 1130 (10th cir. 1997) (quoting Blanchard v. Bergeron, 489 U.S. 87, 89 at n.1 (1989)).

The first question in determining whether a party is entitled to attorney's fees under § 1988 is whether he or she qualifies as a "prevailing party."  Phelps v. Hamilton, 120 F.3d 1126,

---

[2] Defendant's reliance on Bashir v. Nat'l R.R. Passenger Corp., 929 F.Supp. 404, 413 (S.D.Fla. 1996), aff'd, 119 F.3d 929 (11th Cir. 1997), is not helpful.  In Bashir, there was reason to afford the opposing party opportunity to respond to a legal argument raised by defendant for the first time in its reply to summary judgment.  Here, Defendant, who concedes that the fee-shifting standard is the same under both statutes, suffers from no such disadvantage.

1131 (10th Cir.1997). A plaintiff is a "prevailing party" for purposes of § 1988 if there is success "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quot. omitted). Having prevailed on her retaliation claim, for which she received a total of $6501.00 in damages, Ms. Roth meets the "prevailing party" test and is technically eligible for attorney's fees. See Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("Judgment in any amount, whether compensatory or nominal, modifies the defts' behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.");[3] cmp., e.g., Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir.1997) (plaintiffs were "prevailing party" based on court's declaratory judgment that state statute was unconstitutionally vague).

**Reasonableness of Fee**

Having determined that Ms. Roth is a "prevailing party," I must now determine a reasonable attorney's fee. I agree with Plaintiff that an analysis under the factors set forth in Farrar v. Hobby, 506 U.S. 103 (1992) is called for. Although $6,500.00 in back wages and $1.00 in compensatory damages could hardly be what Plaintiff was hoping to obtain, at the same time I do not find it appropriate to base a reduction in fees on factors which assume this amount was a merely technical victory, which is the starting point for a Farrar analysis.[4]

In determining the amount of a reasonable fee, I must consider the guidelines set forth in

---

[3] "Prevailing party" status is not influenced by the magnitude of the victory, even a nominal one, but a merely technical victory would "bear on the propriety of fees awarded. . . ." Farrar at 114.

[4] The Farrar factors are used to determine whether a plaintiff who qualifies as a "prevailing" plaintiff should be denied any attorney fees on the basis that her victory is "purely technical or de minimis." (cited in Brandau v. State of Kansas, 168 F.3d 1179 (10th Cir. 1999)).

3

Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983). The "reasonable fee" or "lodestar amount" is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley, 461 U.S. at 433. The lodestar amount is then adjusted upward or downward to account for the particularities of the suit and its outcome. Id at 433-34. There is no precise rule or formula; the court has discretion in making this equitable judgment. Id. at 436-37. I have carefully reviewed Plaintiff's time sheets and the parties' pleadings. For the reasons that follow, I reduce Plaintiff's requested lodestar amount and then further adjust it according to the discretionary guidelines I am allowed to consider.

*Hours Reasonably Expended*

To determine the hours Plaintiff reasonably expended pursuing this action, the Court must examine the reasonableness of total time reported by counsel and the time allotted to specific tasks. Ramos, 713 F. 2d at 553- 54. The prevailing party must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Plaintiff's counsel ask this Court to award fees in the amount of $119,011.28, exclusive of costs.[5]

   *a. Excessive Hours*

Several of Defendant's objections to the fee application based are well-taken. I agree that

---

[5] This amounts includes additional time (11.5 hours) submitted in Mr. Kennedy's supplemental affidavit for litigating these fees. I note that the gross receipts tax was improperly calculated on that affidavit, which I have corrected (to 5.8125%). I have also corrected the total amount of requested fees, not including the supplemental time bill, which counsel show as $115,821.21 (obtained by subtracting $8519.89 in costs from $124,341.10 in total fees and costs requested): adding together each of the three attorneys' requested fees in the Amended Time Records ($29,415.88; $50,620.70; $35,932.60), the total amounts to $115,969.18, not $115,821.21. The additional 11.5 hours bring the total to $119,011.28.

4

Mr. Kennedy's requested 11.5 hours to litigate the fee application is excessive, considering that the issues raised in such applications are commonly encountered by civil-rights attorneys of Mr. Kennedy's caliber. I will allow 6.5 hours as a reasonable amount of time allotted to this task.

Fees for interoffice conferences are allowed where the application shows time spent and what was discussed at the conferences. Case v. Unified School Dist. No. 233, Johnson County, Kan., 157 F.3d 1243 (10th Cir. 1998). Although Plaintiff has complied with this requirement, I find the time spent by Ms. Han in interoffice conferences (17.3) excessive,[6] and will reduce to 6 the number of hours for which fees are allowed. Cmp., e.g., Gregory v. Weigler, 873 F.Supp. 1189, 1196 (D..C. Ill. 1995) (prevailing civil rights plaintiff was entitled to attorney fees for time spent by attorney in participating in two interoffice conferences with plaintiff's trial attorneys; attorney was partner in trial attorneys' law firm, and hour spent in one conference and 12 minutes spent in other conference were not unreasonable or excessive).

*b. Duplication*

Defendant contests the time spent by Plaintiff's counsel as duplicative in several areas. I agree with the objections made in the following categories:

(1) Work performed by both Ms. Han and Ms. Morgan-Tracy in the preparation of the complaint, the motion for summary judgment, the Initial Pretrial Report and the Provisional Discovery Plan. Plaintiff's time sheet indicates that each of these attorneys focused on different aspects of the necessary tasks, e.g., drafting, review and revision. I generally approve of Plaintiff's requested hours in this category, with minor exceptions: disallowing Ms. Han .80 hours

---

[6] Mr. Kennedy requests fees for 2.5 hours of interoffice conferences, and Kristin Morgan-Tracy for 6 hours.

on 7/26/98 as duplicative of Ms. Morgan-Tracy; and disallowing Mr. Kennedy 1.60 hours on 7/30/98 as duplicative of Ms. Han's task in reviewing a motion for summary judgment.

(2) Reviewing range records by Mr. Kennedy and Ms. Han. This task is not itemized but is included within a series of other tasks (for Mr. Kennedy, on 3/6/99 billing for 12.0 hours; for Ms. Han, on 2/26/99 billing for 9.60 hours, 2/27/99 billing for 10.50 hours and 3/6/99 billing for 9.60 hours). I am disallowing Mr. Kennedy 5.0 hours for that time which I consider to be duplicative and excessive.

(3) Ms. Han's and Mr. Kennedy's review of depositions: Mr. Kennedy on 3/6/99 in reviewing "all" depositions; Ms. Han on 2/28/99, 3/1/99, and 3/2/99 for specific depositions. In this category, I am disallowing 6.0 hours from Mr. Kennedy's billed time.

(4) Preparation of trial notebook and witness testimony by Mr. Kennedy and Ms. Han: part of 9.0 hours billed by Mr. Kennedy on 3/5/99; part of 10.20 hours billed by Ms. Han on 3/5/99. Mr. Kennedy's time will be reduced by 4.0 hours.

(5) Appearances by two attorneys. I agree that both Mr. Kennedy and Ms. Han need not have attended the Rule 16 conference (disallowing Mr. Kennedy 1.0 hour) and the settlement conference (disallowing Ms. Han 4.0 hours). I also do not see how it was reasonably necessary for both attorneys to wait on the verdict (disallowing 8.0 hours). Therefore, for these tasks, I will permit an award for Ms. Han's time only.[7] Cmp., Drez v. E.R. Squibb & Sons, Inc., 674 F.Supp.1432, 1445 (D.Kan. 1987) (only one attorney's time allowed for awaiting the verdict).

---

[7] Where an attorney billed for time which I viewed as duplicative, and where it ws my judgment that the time for one attorney only was warranted, I allowed hours for that attorney whose expertise or seniority in my view offered a more appropriate or efficient use of time.

Included in the 8.0 hours both attorneys have billed for waiting on the verdict is "discussion [or "conference"] with Client," which I am left to assume was carried out during the waiting time, since this particular activity is not separately itemized, but even so, does not require two attorneys to accomplish.

*Reasonable Hourly Rate*

The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of "comparable skill and experience practicing in the area in which the litigation occurs would charge in the area." Ramos, 713 F.2d at 555. The Court should use "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 (1984); see also Beard v. Teska, 31 F. 3d 942, 956- 97 (10th Cir. 1994).

Plaintiff requests an hourly rate of $250.00 for Mr. Kennedy, $200.00 for Ms. Han and $175.00 for Ms. Morgan-Tracy. In their affidavits, both Mr. Kennedy and Ms. Han point to fees they have been paid by clients as support for the rates they are seeking. Ms. Han states that the city attorney's office agreed to pay her an hourly rate of $185.00 in a 1996 civil case. Mr. Kennedy states that he is paid $250.00 per hour for civil cases which he handles on an hourly basis, and $500.00 per hour for criminal cases on which he is privately retained. Ms. Morgan-Tracy is just under five years out from law school, and bills clients who retain her for civil rights cases an hourly fee of $175.00.

Counsel's statements in affidavits, however, are not a sufficient basis in themselves for determining a reasonable hourly rate. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (satisfactory evidence at a minimum is more than the affidavit of the attorney performing the

7

work).  Also, the attorney's customary rate is a relevant but not conclusive factor.  Ramos, 713 F.2d at 555.  Further, there is the distinction between what these attorneys would receive if they were billing a paying client rather than being paid by court order.

"In line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."  See Hensley, 461 U.S. at 439 n. 15, 103, cited in Norman v. Housing Authority of the City of Montgomery, 836 F.2d 761, 768 (11th Cir. 1988).  Plaintiff balks at Defendant's use of unpublished cases from this district court.  See Saenz-Miller v.City of Albuqerque, Civ. No. 92-0347 M, Slip Op. (D.N.M. filed May 26, 1994);[8] EEOC & Brasher v. MTS Corp., Civ. No. 94-1473 LH/WWD, Slip Op. (D.N.M. filed Mar. 26, 1998).  Curiously, Mr. Kennedy did not feel constrained in their use when he relies on an unpublished case to argue for his hourly rate: in Reyes v. ITT Consumer Financial Corp., Civ. No. 90-023 JC, Mr. Kennedy was awarded fees based on an hourly rate of $200.00 in 1992.  However, I note that this was a class-action case and that vindication of class-wide rights is generally "more significant than relief granted for an isolated violation of constitutional rights."  Norman v. Housing Auth of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Also, given the discretionary nature of the issue on which this Court has embarked, the Court's judicial notice of its own records is both helpful and appropriate.  See Randy's Studebaker Sales, Inc. v. Nissan Motor Corp. in U.S.A., 533 F.3d 510, 521 (10th Cir. 1976) (citing Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972) (court may take judicial notice of its own records)).  For example, in 1994, in the Saenz case referred to above, Mr. Kennedy was awarded an hourly rate of $150.00, and Ms. Han was awarded $125.00 per hour.  Given these

---

[8] Saenz was a Title VII case very similar to the underlying case here.

8

conclusions, I have determined the lodestar amounts as follows:

**Attorney Kennedy**
(122.70 hours* minus 30.6 hours)
92.1 hours at $200.00 per hour                          $18,420.00
Gross Receipts Tax                                      $ 1,070.66

    **Paul Kennedy Total**                              **$19,490.66**

* This includes hours submitted in the supplemental affidavit.

**Mary Han**
(239.2 hours minus 12.1 hours)
227.10 hours at $185. per hour                          $42,013.50
Gross Receipts Tax                                      $ 2,442.03

    **Mary Han Total**                                  **$44,455.53**

**Kristin Morgan-Tracy**
194.05 hours at $125.00 per hour                        $24,256.25
Gross Receipts Tax                                      $ 1,409.89

    **Kristin Morgan-Tracy Total**                      **$25,666.14**

This lodestar figure of $89,612.33 reflects a 25% reduction of the requested amount.

*Adjustment of Lodestar amount*

The product of reasonable hours times a reasonable rate does not end the inquiry. A fee may be adjusted up or down depending on the degree of success obtained on the claims advanced. Hensley, 461 U. S. at 434-35, cited in Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir. 1994) (In evaluating whether to reduce the fee award, the most critical factor for the court to consider is the degree of success obtained.) "Where a Plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably

expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id., 461 U.S. at 435; see Ramos, 713 F.2d 546, 556 (10th Cir. 1983) (if plaintiff does not prevail on all claims for relief, the court must determine whether an adjustment is necessary).

Ms. Roth, a Bernalillo County Sheriff's Department detective who was pregnant, was told that she had to go on light duty after failing to complete her quarterly shoots at the range. Plaintiff ultimately had to surrender the use of her county-owned vehicle and was placed on leave without pay. Ms. Roth was eventually reinstated after she submitted a request for light duty status. Plaintiff alleged that Defendant discriminated against her because she was pregnant, and that the Sheriff's Department also retaliated against her for complaints she had made regarding what she perceived as pregnancy discrimination. The jury found that Plaintiff failed to prove her discrimination claim, but that she succeeded in proving her retaliation claim. I find that Plaintiff had limited success in her lawsuit because of her failure to prove her basic discrimination claim. When limited success is obtained, I then ask two questions: (1) whether the claims on which the Plaintiff did not prevail were related to those on which they did prevail; and (2) whether she achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. Hensley at 435, cited in Metz, 39 F.3d at 1493.

Ms. Roth's discrimination and retaliation claims are interrelated in that they are based on a "common core of facts." See Jane L. v. Bangerter, 61 F.3d 1505, 1512 (10th Cir. 1995) ("If claims are related, failure on some claims should not preclude full recovery if plaintiff achieves success on a significant, interrelated claim") (citing Hensley, 461 U.S. at 440). However, Plaintiff

did not achieve success to such a degree where I would find it appropriate to award the full amount of the requested fee ($119,011.28). Cmp. Roberts v. Roadway Exp., Inc., 149 F.3d 1098, 1102 (10th Cir. 1998) (fee award of $171,385.50 was appropriate where plaintiff prevailed only on retaliation claim and had been awarded $85,000 in compensatory damages for emotional distress, pain, suffering, and mental anguish, and $100,000 in punitive damages); Drez v. E.R. Squibb & Sons, Inc., 674 FS 1432, 1445 (D.Kan. 1987) (court reduced lodestar amount by 10%, and further reduced the amount an additional 10% due to plaintiff's limited success where plaintiff proved retaliation, but failed to prove discrimination).

Plaintiff's "distinct recollection" of the lawsuit's success is somewhat inflated. Plaintiff remembers that approximately $7,500.00 was requested in damages, and $6,500.00 was awarded. Reply at 4. The Court's recollection of the closing argument, based on a review of the transcript, is that considerable effort went into counsel's argument for damages beyond that amount. After a short summation of Plaintiff's actual damages related to lost earnings and benefits which was calculated out to $7,497.00, the remainder of the argument emphasized a basis for an award for the "emotional pain and suffering of the workplace situation." Tr. of Pltff's Closing Argum., at 16-17.

The jury was asked to consider the strain the work problems were placing on Plaintiff to the point where her doctor felt that she needed psychological counseling. The jury was also asked to consider the worth of the "humiliation" experienced by Plaintiff when she found herself in a situation "that she had not set herself up for, that she had not asked for and that she did not

11

deserve." Id.[9] Although counsel never suggested a figure to the jury, it is hardly conceivable that the $6,500.00 which still fell short of the actual damages requested and the nominal amount of $1.00 which was awarded for all "other" damages could be viewed as a successful outcome.

While Plaintiff is correct that fees should not be awarded proportionate to the amount of damages a plaintiff receives, this comparison is nevertheless "highly relevant" when the purpose of the lawsuit is to recover private damages, as was the case here. Farrar, 506 U.S. at 114 (relying on City of Riverside v. Rivera, 477 U.S. 561, 585 (1986)). Further, notwithstanding the Congressionally-recognized value to society in vindicating civil rights, fee awards under § 1988 were never intended to "produce windfalls to attorneys." Griffith v. State of Colo. Div. of Youth Servs., 17 F.3d 1323, 1328 (10th Cir. 1994) (citing Riverside, 477 U.S. at 561, 562. Accordingly, I find that a downward adjustment of the lodestar amount ($89,612.33) by an additional 15% is equitable and justified, leaving a final amount of $76,170.48 to be awarded to Plaintiff's counsel.

**Costs**

Plaintiff has also requested $8,519.89 in costs, but these are more properly brought before the Clerk of the District Court, as noted above. See n.1, above.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs **[docket #128]** is

---

[9] Plaintiff's initial disclosures, which were supplied as answers to interrogatories, see Deft's Resp., Ex. A, listed $150,832.32 (exclusive of costs related to psychological counseling) as a figure for compensatory damages. While a response to an interrogatory does not amount to a "demand" in legal terms, it is obviously relevant in showing that Plaintiff's expectations here were not met. Also, for such purposes, it seems that a plaintiff may be held to these statements, since interrogatories are answered under oath, and in some circumstances may be used as evidence at trial. See e.g., Fed.R.Civ.P. R. 33(b)(1) & (c); N.M.U.J.I. 13-204.

12

hereby granted in part where Defendant shall pay Plaintiff's attorney fees inclusive of gross receipts taxes, in the amount of $76,170.48.

_____
UNITED STATES MAGISTRATE JUDGE